Case: 3:05-cv-00063-bbc   Document #: 184   Filed: 02/09/06   Page 1 of 17

Document Number  Case Number
05-C-0063-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/09/2006 03:44:26 PM CST

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WILLIAM A. PARUS,

        Plaintiff,

and

GERMANTOWN MUTUAL INSURANCE
COMPANY,

        Intervening Plaintiff,

v.

Case No. 05 C 0063 C

ANDREW C. CATOR; THOMAS KROEPLIN;
DAWN BRESNAHAN, individually and in her official
capacity as an employee of the Town of Minocqua Police
Department; TOWN OF MINOCQUA, WISCONSIN;
CLAY KREITLOW, individually and in his official
capacity as an employee of the Town of Woodruff Police
Department; and TOWN OF WOODRUFF,
WISCONSIN,

        Defendants.

---

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

Dated this 9th day of February, 2006.

        NEIDER & BOUCHER, S.C.

        By: _____
        Richard M. Burnham
        State Bar No. 01014738
        Attorneys for Plaintiff

Neider & Boucher, S.C.
440 Science Drive, Suite 300
P.O. Box 5510
Madison, WI 53705-0510
Telephone: (608) 661-4500
Facsimile: (608) 661-4510

## 1.14  PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of the witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

## 1.14  PRIOR INCONSISTENT STATEMENT [OR ACTS]

You may consider statements given by [Party] [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

1.26    DISMISSED/WITHDRAWN DEFENDANT

Andrew Cator, Dawn Bresnahan and the Town of Minocqua are no longer defendants in this case. You should not consider any claims against them. Do not speculate on the reasons. You should decide this case as to the remaining parties.

## 1.26  DISMISSED/WITHDRAWN DEFENDANT

[Former Party] is no longer a defendant in this case.  You should not consider any claims against [Former Party].  Do not speculate on the reasons.  You should decide this case as to the remaining parties.

2.05   STIPULATIONS OF FACT

The parties have stipulated, or agreed, that:

1. Andrew Cator wanted to know who owned the car having the license plate number he gave Kreitlow and Tom Kroeplin, through Sherry Kroeplin, because he saw the car parked in the driveway of his former girlfriend, Julie Erickson.

2. The information regarding William Parus's car, his name and address that Dawn Bresnahan gave to Clay Kreitlow in his telephone call with her on 9/20/04 at 1:36 p.m. was obtained from Wisconsin motor vehicle records.

You must now treat these facts as having been proved for the purpose of this case.

2.05  STIPULATIONS OF FACT

    The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.

### 2.07 TRANSCRIPT OF RECORDING

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You will be given a transcript to use as a guide to help you follow as you listen to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

## 2.07 TRANSCRIPT OF RECORDING

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You will be given a transcript to use as a guide to help you follow as you listen to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

[You may consider the actions of a person, facial expressions and lip movements that you can observe on videos to help you determine what was actually said and who said it.]

DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a result of Tom Kroeplin's obtaining of Plaintiff's personal information. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The expenses Plaintiff incurred as a direct result of a Defendant's wrongful conduct.

2. The mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained. If you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

7.23 DAMAGES: COMPENSATORY – Constitutional Torts.

If you find in favor of Plaintiff, then you must determine the amount of money that reasonably certain to sustain in the future] as a direct result of [insert appropriate language, will fairly compensate Plaintiff for any injury that you find he sustained [and is such as "the failure to provide plaintiff with medical care," etc.] [These are called "compensatory damages".]

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. You should consider the following types of compensatory damages, and no others:

[1. The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received [as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.]

[2. The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.]

[When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.]

[3. The physical [and mental/emotional] pain and suffering [and disability/loss of a normal life] that Plaintiff has experienced [and is reasonably certain to experience in the future]. No evidence of the dollar value of physical [or mental/emotional] pain and suffering [or disability/loss of a normal life] has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.] [If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).]

DAMAGES: PUNITIVE

If you find for Plaintiff against a Defendant, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that a Defendant's conduct shows a willful or reckless disregard of the law. Conduct is in reckless disregard of the law if it is engaged in with knowledge that it may violate the law. A willful disregard of the law is shown by evidence that a Defendant knew he was violating the law or was indifferent to whether his actions violated the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of a Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

3.13 PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that [his conduct] [the conduct of Defendant's [managerial employees, officers],] was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

[Plaintiff must prove by a preponderance of the evidence that Defendant's [managerial employees, officers] acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be [discriminated and/or retaliated] against. [In determining whether [Name] was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out.] You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an anti-discrimination policy.]

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

[- Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

## 5.12 WILLFULNESS

If you find for Plaintiff, you must then decide whether Defendant willfully violated the Equal Pay Act. To show this, Plaintiff must prove by a preponderance of the evidence that Defendant knew that it was violating the Equal Pay Act, or was indifferent to whether its actions violated the Equal Pay Act, and not simply that Defendant was aware that it was discriminating in pay.

ESSENTIAL ELEMENTS OF THE CLAIM.

Plaintiff claims that Defendants violated a law called the "Driver's Privacy Protection Act." This law is designed to prevent anyone from obtaining "personal information," including a name and/or address, from a state motor vehicle record for a purpose other than legitimate law enforcement. To succeed on this claim, Plaintiff must prove three things by a preponderance of the evidence:

1. A Defendant knowingly obtained Plaintiff's name or address;

2. From a state motor vehicle record;

3. For a non-law enforcement purpose.

Taken from 18 U.S.C § 2724(a) and 5.01 *Seventh Circuit Pattern Instruction*.

5.01 ESSENTIAL ELEMENTS OF A CLAIM under Equal Pay Act.

Plaintiff claims that Defendant violated a law called the "Equal Pay Act." This law is designed to prevent wage discrimination by employers based on sex. To succeed on this claim, Plaintiff must prove three things by a preponderance of the evidence:

1. Plaintiff did work that was "substantially equal" to male employees at [Defendant's workplace];

2. Plaintiff and a male employee did their jobs under similar working conditions;

3. Defendant paid Plaintiff less money than a male employee doing substantially equal work.

110450.doc